UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALYA MAZURKEVICH,   **DEMAND FOR JURY TRIAL**
    Plaintiff,

Case No.

-vs.-

EQUITYEXPERTS.ORG, LLC,
    Defendant.
_____

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, NATALYA MAZURKEVICH, THROUGH COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY GARY D. NITZKIN**, and for her Complaint against the Defendant pleads as follows:

## JURISDICTION

1. This court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d) and 28 U.S.C. §§ 1331, 1337.

## VENUE

2. The Defendant maintains a registered agent and conducts business in Oakland County, Michigan.

3. Venue is proper in the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person residing in the city of Glen Allen, Henrico County, Virginia. Ms. Mazurkevich is a "consumer" and "person" as the terms are defined and used in the FDCPA.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC, which is a Michigan company that maintains a registered agent in the City of Southfield, in Oakland County, Michigan.

## GENERAL ALLEGATIONS

6. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Four Seasons Condominium Association, Inc. ("Four Seasons") in the approximate amount of $2,880.00 with file number 5561 (the alleged "Debt").

7. In 2015, Ms. Mazurkevich moved abroad to take care of her mother and fell behind on her payments.

8. On December 7, 2015, Four Seasons filed a lawsuit against Ms. Mazurkevich for the alleged Debt.

9. On January 8, 2016, a judgment was entered against Ms. Mazurkevich in the amount of $6,378.79 plus costs of $58.00, attorney's fees of $100.00 and interest accruing at 6% from the date of judgment.

10. On or before June 6, 2016, Ms. Mazurkevich paid the judgment in full and the judgment was satisfied.

11. On or about October 24, 2016, Defendant sent a letter to Ms. Mazurkevich stating that her account was transferred to Defendant for collections.

12. The letter further stated that she owed $2,220.00 for file number 1472 for the alleged Debt.

13. In addition, the letter stated that the balance may also include special assessments, interest, fees and/or fines charged by the Association, and any attorney's fees and collection costs incurred by the Association to collect the debt.

14. On or about January 10, 2017, Defendant sent two statements to Ms. Mazurkevich – one statement with file number 1472 and one statement with file number 3691.

15. The statement with file number 1472 showed total charges of $3,060.00, total payments of $1,092.04, a current balance of $1,967.96 and a principal open balance of $1,950.00.

16. In addition, the statement shows that Defendant charged Ms. Mazurkevich the following excessive fees:

    a. FDCPA Compliance Assurance/Pre Lien in the amount of $270.00;

    b. Escalated Outreach (EDO) Services in the amount of $350.00;

    c. Nov & Dec HOA 2016 Fees in the amount of $390.00; and

    d. Plan Fee in the amount of $100.00.

17. The statement with file number 3691 shows total charges of $5,607.00, total payments of $5,607.00, a current balance of $0.00 and a principal open balance of $1,574.79.

18. In addition, the statement shows that Defendant charged Ms. Mazurkevich the following excessive fees:

    a. C3 Ledger Reconciliation-Monthly Charge in the amount of $2,938.90; and

    b. FDCPA Compliance Assurance/Pre-Lien in the amount of $270.00.

19. On or about March 9, 2017, Ms. Mazurkevich received an account history report from Four Seasons, which stated a current balance of $615.00.

20. On or about March 24, 2017, Ms. Mazurkevich received a letter from Defendant stating that she owes an unpaid balance of $2,755.00.

21. The letter further states that Four Seasons accelerated her association assessments through the end of the fiscal year, that Four Seasons removed her right to pay her association balance installments and that the balance listed above includes the full amount of regular assessments owed through the end of the association fiscal year.

22. On or about April 24, 2017, Ms. Mazurkevich received a letter from Defendant stating that the account for file number 1472 has been paid in full.

23. On or about May 3, 2017, Ms. Mazurkevich received a letter from Defendant stating that she owes a balance of $2,135.00 for the alleged Debt for file number 5561.

24. On or about June 13, 2017, Ms. Mazurkevich received an account history report from Four Seasons which showed that she owed $695.76 for the alleged Debt.

25. On or about June 13, 2017, Ms. Mazurkevich received a statement from Defendant for file number 5561 which showed the total charges of $3,500.00, total payments of $620.00, a current balance due of $2,880.00 and a principal open balance of $0.00.

26. In addition, the statement shows that Defendant charged Ms. Mazurkevich the following excessive fees:
    a. Accelerated fees through 2017 in the amount of $2,460.00;
    b. Account turnover fee in the amount of $25.00;
    c. FDCPA Compliance Assurance/Pre Lien in the amount of $270.00;
    d. Lien Recording and Discharge in the amount of $395.00; and
    e. Escalated Outreach (EDO) Services in the amount of $350.00.

27. In June 2017, Ms. Mazurkevich received a collection activity and cost notice showing the following costs:
    a. FDCPA Compliance Assurance Package/Pre-Lien Notice in the amount of $270.00;
    b. Notice of Intent to Record Lien Package included in the charge above;
    c. Lien Recording and Discharge Package in the amount of $395.00;
    d. Escalated Outreach (EDO) Service Package in the amount of $350.00 plus Attorney's Fee & Filing Fees;
    e. Post Outreach Lien Enforcement (Pole) Package in the amount of $650.00;
    f. Continuing Contact Package in the amount of $75.00 per outbound contact; and
    g. Final Enforcement Package which the amount varies.
28. On or about June 23, 2017, Defendant sent a letter to Ms. Mazurkevich attempting to collect the alleged Debt and stating that Ms. Mazurkevich may avoid additional collection charges if she contacts Defendant within seven (7) days and make satisfactory payment arrangements.
29. Defendant charged Ms. Mazurkevich excessive fees, in violation of the FDCPA.

30. Ms. Mazurkevich has suffered pecuniary and emotional damages as a result of Defendant's actions.

## COUNT I
## VIOLATION OFTHE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff reincorporates the preceding allegations by reference.

32. At all relevant times, Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

33. Plaintiff is a "consumer" for purposes of the FDCPA, and the account at issue in this case is a consumer debt.

34. Defendant is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6).

35. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

   a. 15 U.S.C. §1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant violated this section of the FDCPA by charging excessive fees, and overcharging for services allegedly performed by Defendant;

   b. 15 U.S.C. §1692e(2)(a) by misrepresenting the character, amount or legal status of any debt. Defendant misrepresented the amount of the

alleged Debt by charging Ms. Mazurkevich excessive fees, and overcharging for services allegedly performed by Defendant;

   c. 15 U.S.C. §1692e(10) by using false representations and deceptive means to collect a debt. Defendant violated this provision by charging Ms. Mazurkevich excessive fees, and overcharging for services allegedly performed by Defendant;

   d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this provision by charging Ms. Mazurkevich excessive fees for the alleged Debt, and overcharging for services allegedly performed by Defendant.

36. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## DEMAND FOR JUDGMENT RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

   a. Actual damages;

   b. Statutory damages; and

   c. Statutory costs and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

                Respectfully submitted.

Dated: July 28, 2017      /s/ Gary Nitzkin
                                     GARY D. NITZKIN (P41155)
                                     TRAVIS SHACKELFORD P68710
                                     CREDIT REPAIR LAWYERS OF AMERICA
                                     Attorneys for Plaintiff
                                     22142 West Nine Mile Road
                                     Southfield, MI 48033
                                     (248) 353-2882
                                     Fax (248) 353-4840
                                     Email – gary@micreditlawyer.com